a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SHAUNDELLE DIAL #57271-060,** <br> Plaintiff | **CIVIL DOCKET NO. 1:25-CV-00543** <br> **SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **BRANDI REYNOLDS ET AL,** <br> Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a civil action filed by pro se Plaintiff Shaundelle Dial ("Dial"). Dial alleges that he was improperly assigned to the United States Penitentiary in Pollock, Louisiana ("USP-P"). He seeks injunctive relief in the form of placement in protective custody at another facility.

Because Dial is not entitled to injunctive relief and has been transferred from USP-P, his Complaint (ECF No. 8) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Dial alleges that he was "forced" into a Reintegration Housing Unit and wrongfully transferred to USP-P. He asserts that he should not be housed at USP-P where he is "constantly" placed in cells "with inmates on the sexual predators list" and subjected to threats and "hits" by gang members. ECF Nos. 1, 8. He asks that the Court order Defendants to place him in protective custody and transfer him to a "non-active prison." ECF No. 8 at 7.

1

II.     Law and Analysis

Prisoners do not have a protected liberty interest in their custodial classification. *See Neals v. Norwood*, 59 F.3d 530, 533 (1995); *Stout v. LeBlanc*, 599 F. App'x 170, 171 (5th Cir. 2015); *Thieleman v. White*, 6:16-CV-1300, 2019 WL 3956279, at *3 (E.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 3943897 (E.D. Tex. 2019). Nor are prisoners entitled to be housed at a certain facility. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Thieleman*, 2019 WL 3956279, at *3 ("federal courts must be careful not to micromanage prison operations"). Accordingly, Dial cannot establish his right to protective custody or to be housed at a particular facility.

Additionally, a transfer to another prison generally renders a claim for injunctive relief moot. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Herman's transfer . . . rendered his claims for declaratory and injunctive relief moot."); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) ("By the time Cooper filed his amended complaint, he was no longer held in the Lubbock County jail. Thus, . . . his transfer to another prison has rendered moot these claims for relief."). Dial alleges that he was wrongfully transferred to USP-P, and should not be housed at that facility. ECF No. 11. Dial is no longer imprisoned at USP-P. Accordingly, his request for a transfer is moot.

### III.   Conclusion

Because Dial is not entitled to the injunctive relief sought, and he is no longer imprisoned at USP-P, IT IS RECOMMENDED that the Complaint (ECF No. 8) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE